**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **Electrasense Technologies LLC,** | |
| *Plaintiff,* | Civil Action No.: 1:26-cv-7658 |
| v. | |
| **Leviton Manufacturing Co., Inc.,** | |
| *Defendant* | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Electrasense Technologies LLC ("Electrasense" or "Plaintiff"), by way of this Complaint against Defendant Leviton Manufacturing Co., Inc. ("Leviton" or "Defendant") alleges as follows:

**SUMMARY**

1.      Plaintiff is the owner by assignment of all right, title and interest in United States Patent No. 9,812,876 (the "'876 Patent"), attached hereto as Exhibit A.

2.      Defendant infringes the '876 Patent at least by selling, without authorization, Plaintiff's proprietary technologies incorporated in Defendant's Power Delivery Wall Outlets including, *e.g.*, the Leviton T5635 series, T5836 series, T5636 series, T5835 series, T5634 series, and T5834 series Power Delivery Wall Outlets ("the Accused Products"). These Accused Products are marketed, offered, and distributed throughout the United States, including in this District.

3.      By this action, Plaintiff seeks to obtain compensation for the harm Plaintiff has suffered, and will continue to suffer, as a result of Defendant's infringement of the '876 Patent.

1

**NATURE OF THE ACTION**

4. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

5. Defendant has infringed, and continues to infringe, one or more claims of Plaintiff's '876 Patent at least by making, using, selling, and/or offering to sell the Accused Products in the United States, including in this District, and/or by importing the Accused Products into the United States.

6. Plaintiff is the legal owner by assignment of the '876 Patent, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). Plaintiff seeks monetary damages for Defendant's infringement of the '876 Patent.

**PARTIES**

7. Plaintiff Electrasense Technologies LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252.

8. On information and belief, Defendant is a corporation organized under the laws of Delaware having a principal place of business at 201 North Service Rd., Melville, NY 11747, United States.

**JURISDICTION AND VENUE**

9. This is an action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, for infringement by Leviton of claims of U.S. Patent No. 9,812,876.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Leviton is subject to personal jurisdiction of this Court because, *inter alia*, on

information and belief, (i) Leviton maintains a regular and established place of business within this judicial district at 725 Landwehr Road, Northbrook, Illinois 60062; (ii) Leviton has committed and continues to commit acts of patent infringement in the State of Illinois, including by making, using, offering to sell, selling, and/or importing the accused products into Illinois; (iii) Leviton purposefully supplies and directs the accused products for storage, warehousing, and sales by distributors and resellers in the State of Illinois; (iv) Leviton delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Illinois; (v) Leviton derives substantial revenue from its activities in this District; and (vi) Leviton has purposefully established substantial, systematic and continuous contacts with this District such that it should reasonably expect to be haled into court in this District.

12. Venue is proper as to Leviton in this District under 28 U.S.C. § 1400(b) because, inter alia, on information and belief, Leviton has a regular and established place of business within this judicial district at 725 Landwehr Road, Northbrook, Illinois 60062, and has committed acts of infringement in the District and/or has contributed to or induced acts of patent infringement by others in this District.

13. Leviton has infringed and continues to infringe the '876 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States wall outlets with the functionality claimed in the '876 Patent.

### '876 PATENT

### U.S. PATENT NO. 9,812,876

14. On November 7, 2017, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,812,876, entitled "Wall socket with load detecting circuit".

15. Plaintiff is the owner of all rights, title, and interest in and to the '876 Patent, with

the full and exclusive right to bring suit to enforce the '876 Patent, including the right to recover for past infringement.

16. The '876 Patent is valid and enforceable under United States Patent Laws.

17. The '876 Patent discloses a wall socket, which has an input terminal configured to receive an input voltage from a power grid, an output terminal, a power converting circuit, and a load detecting circuit. The output terminal outputs a DC output voltage. The power converting circuit converts the input voltage to a DC output voltage according to a control signal. The load detecting circuit receives an identification signal output by an electronic device and then outputs the control signal according to the identification signal to adjust the level of the DC output voltage. The level of the DC output voltage varies according to the identification signal and is selected from a plurality of different voltage levels. In the prior art, USB wall sockets only provided a fixed output voltage, which was insufficient to satisfy the charging requirements of various modern devices, such as smart phones and tablets. Additionally, the fixed power output of the prior art USB wall sockets resulted in power consumption during the standby state leading to excess energy loss (Patent at 1:16-27). In contrast, the invention improves upon prior designs by integrating a load detection circuit that identifies the voltage requirements of an electronic device and dynamically adjusts the DC output. Among other advantages, this approach ensures compatibility with various devices and enhances power management efficiency.

## COUNT I: INFRINGEMENT OF THE '876 PATENT BY LEVITON

18. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

19. On information and belief, Leviton has infringed and is infringing the '876 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the Accused Products.

4

20.     As just one non-limiting example, set forth in Exhibit B is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '876 Patent in connection with the Accused Products. This description is based on publicly available information. Electrasense reserves the right to modify this description, including, for example, on the basis of information about the Accused Products that it obtains during discovery.

21.     On information and belief, Leviton has induced infringement of the '876 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributors, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the Accused Products and incorporated technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, setup, use, operation, and maintenance of said products.

22.     On information and belief, Leviton has infringed the '876 Patent pursuant to 35 U.S.C. § 271, literally or under the doctrine of equivalents, by importing into the United States or offering to sell, selling, or using within the United States the Accused Products and all other substantially similar products.

23.     On information and belief, Leviton has committed the foregoing infringing activities without a license.

## PRAYER FOR RELIEF

WHEREFORE, Electrasense prays for judgment in its favor against Leviton for the following relief:

A.     Entry of judgment in favor of Electrasense against Leviton on all counts;

5

B.      Entry of judgment that Leviton has infringed the '876 Patent;

C.      Entry of judgment that Leviton's infringement of the '876 Patent has been willful;

D.      An order permanently enjoining Leviton from infringing the '876 Patent;

E.      Award of compensatory damages adequate to compensate Electrasense for Leviton's infringement of the '876 Patent, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

F.      Award of reasonable attorneys' fees and expenses against Leviton pursuant to 35 U.S.C. § 285;

G.      Electrasense's costs;

H.      Pre-judgment and post-judgment interest on Electrasense's award; and

I.      All such other and further relief as the Court deems just or equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Fed. R. Civ. P., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated: June 30, 2026

Respectfully submitted,

By: */s/ Stevenson Moore*

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Stevenson Moore
Texas Bar No. 24076573
smoore@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff Electrasense Technologies
LLC*